IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-1268-PAB

RONALD P. BOSCHAE,

    Plaintiff,

v.

THOMAS D. HILGEFORD and
C.R. ENGLAND, INC., a Utah corporation,

    Defendants.

## ORDER

    This matter is before the Court sua sponte on the Notice of Removal [Docket No. 1] filed on May 14, 2013 by defendants Thomas D. Hilgeford and C.R. England, Inc. Defendants allege that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2-3, ¶ 7. The Court finds that the notice of removal is procedurally defective because it was not filed within the time period specified by 28 U.S.C. § 1446 and the notice otherwise fails to establish the Court's jurisdiction.

    Plaintiff Ronald P. Boschae filed this case in the District Court for the County of Fremont, Colorado on June 6, 2012 seeking damages in connection with a vehicle collision he alleges occurred on November 13, 2010. Docket No. 1-1 at 3-4. He filed an amended complaint on October 31, 2012. Docket No. 1-2 at 4. The amended complaint states that plaintiff is seeking compensation for pain and suffering, permanent impairment, medical expenses, lost wages, attorney's fees, court costs, and

interest, but does not attach a specific monetary value to any of these items.[1]  *Id.*  C.R. England was served with the amended complaint on November 15, 2012.  Docket No. 1-4 at 3.  Mr. Hilgeford was served with the amended complaint on April 4, 2013.  Docket No. 1-3 at 3.  On May 2, 2013, the parties entered into a stipulation stating that the "amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs."  Docket No. 1-7 at 1.  In the notice of removal, defendants state that:

> The Amended Complaint does not allege damages in a specific amount. However, on May 2, 2013, counsel for the parties entered into a Stipulation that the amount in controversy in this matter exceeds $75,000.  That Stipulation is attached.  Therefore, the total amount of Plaintiffs' claims, although liability for those claims is categorically denied, exceeds $75,000.00.

Docket No. 1 at 2, ¶ 6.

## I. TIMELINESS OF REMOVAL

Under 28 U.S.C. § 1446, a defendant must remove a case within thirty days of being served with the initial pleading or summons.  28 U.S.C. § 1446(b)(2)(B). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.  28 U.S.C. § 1446(b)(3).  Moreover, where a defendant seeks to remove on the basis of diversity jurisdiction, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."  28 U.S.C. § 1446(c)(3)(A).  "The

---

[1] Under the Colorado Rules of Civil Procedure, "[n]o dollar amount shall be stated in the prayer or demand for relief."  Colo. R. Civ. P. 8(a).

failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

The Tenth Circuit has held that "parties cannot 'concede' jurisdiction by agreeing that the jurisdictional amount requirement has been satisfied. The court's obligation to determine the presence of the appropriate amount in controversy is independent of the parties' stipulations." *Huffman*, 194 F.3d at 1079 n.4; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings.").

Here, defendants removed the case more than thirty days after being served with the amended complaint. Thus, removal is untimely and remand is justified unless there is a basis for finding that the removal clock began running at some point after service of the amended complaint. Plaintiff apparently relies on the May 2, 2013 stipulation regarding the amount in controversy for determining when the defendants were made aware that the case was removable. However, a stipulation is not a proper basis for establishing the amount in controversy requirement, *see Huffman*, 194 F.3d at 1079 n.4, and thus does not constitute an "other paper" under 28 U.S.C. §§ 1446(b)(3) or (c)(3)(A). Accordingly, the removal is untimely and the case is subject to remand. *See Snapper*, 171 F.3d at 1253.

## II. SUBJECT MATTER JURISDICTION

Section 1332(a) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing, by a preponderance of the evidence, that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). To meet this burden, the defendant must "set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds" the jurisdictional amount. *Laughlin*, 50 F.3d at 873 (internal citation omitted). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendants contend that the amount in controversy exceeds $75,000. Docket No. 1 at 1. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of

4

removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873. Here, the complaint does not include a sum certain damages request. *See* Docket No. 1-2 at 4, ¶¶ (a)-(f). The Court therefore must look to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy. *See Laughlin*, 50 F.3d at 873.

In the notice of removal, defendants do not provide any basis upon which the Court could determine the amount in controversy. Defendants state that "counsel for the parties entered into a Stipulation that the amount in controversy in this matter exceeds $75,000," Docket No. 1 at 2, ¶ 6, but do not suggest what monetary value the Court should attach to plaintiff's claims. This assertion does not establish "underlying facts" to support jurisdiction since, as noted above, parties may not establish that the jurisdictional amount has been met via concession or stipulation. *See Huffman*, 194 F.3d at 1079 n.4; *Laughlin*, 50 F.3d at 873; *see also Khalil v. Dwyer Grp., Inc.*, 2011 WL 6140531, at *2 (D. Kan. Dec. 9, 2011) (remanding to state court because notice of removal relied exclusively on plaintiff's complaint which alleged an unspecified amount for costs, attorneys fees, and further relief); *cf. Nagim v. Abraham*, No. 11-cv-00731-REB-MEH, 2011 WL 1930399, at *2 (D. Colo. Apr. 5, 2011) ("Defendant merely alludes to the unspecified amount of punitive damages Plaintiff refers to in his request for relief . . . Defendant fails to meet his burden of proof in articulating evidentiary grounds for the satisfaction of the jurisdictional minimum amount.").

Thus, because defendants present no affidavits, admissions, interrogatory responses, or other sources of information, defendants fail to meet their burden of

proving facts supporting the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (discussing documentation that may be proffered to demonstrate the amount in controversy).

Accordingly, because the removal was untimely and because defendants fail to prove the amount in controversy, it is

**ORDERED** that this case is REMANDED to the District Court for the County of Fremont, Colorado where it was filed as Case No. 2012 CV 117.

DATED May 17, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge